898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie Frank SHEPARD, Plaintiff-Appellant,
v.
WESTMORELAND COAL COMPANY, INC., Defendant-Appellee.
 No. 89-3250.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1990.
Decided: Feb. 20, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-86-196-B)
 Susan D. Oglebay, Damascus, Va., Sue Ella Kobak, Abingdon, Va., for appellant.
 James P. Jones, Penn, Stuart, Eskridge & Jones, Bristol, Va., F. Thomas Rubenstein, Big Stone Gap, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willie Frank Shepard appeals an adverse judgment entered after a bench trial of his action brought against his employer, Westmoreland Coal Company. Shepard alleged that the defendant had discriminated against him on the basis of his race in suspending him from work without pay for a period of 45 days following what he called "an altercation" with another employee. The trial judge found that the altercation was really an assault by Shepard on another employee by striking him in the back with a steel rod and knocking him down a flight of stairs.
 
 
 2
 Appellant contends that the trial court erred in its allocation of the burden of proof. The court followed the procedures set forth in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and found that the plaintiff had made out a prima facie case of racial discrimination, but the court also found that this prima facie case was rebutted primarily by the plaintiff's own testimony. Shepard admitted under oath that he had lied to company officials when they first asked him what had happened. There is no merit to the claim that there was an improper allocation of the burden of proof. The burden of proof and the burden of persuasion remain with the plaintiff to persuade the court that there was a discriminatory reason for the employer's action against him. He also claims that the trial court erred in relying upon union grievance proceedings, but there is no merit to this claim. The court found that there was no law to preclude the plaintiff from bringing a Title VII case for discrimination even though his grievance had been settled with the company through union bargaining.
 
 
 3
 The findings of fact of the district court may not be disturbed unless they are clearly erroneous. Our review of the record reveals an abundance of evidence in support of the district judge's findings, and there are no errors of law.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.